UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re: VICTORY CHIMES, INC., as former Owner of the S/V VICTORY CHIMES (O.N. 136784), Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., for Exoneration From, or Limitation of, Liability, Civil and Maritime,<br><br>Plaintiff. | 1:20-cv-00259-JDL |

**ORDER RESTRAINING SUITS, APPROVING PLAINTIFF'S APPRAISER'S REPORT, AND DIRECTING ISSUE OF NOTICE AND FILING OF CLAIMS**

WHEREAS, a Complaint having been filed herein on July 23, 2020, by Plaintiff, Victory Chimes, Inc. ("Victory Chimes" or "Plaintiff"), as former owner of the S/V VICTORY CHIMES (the "Vessel"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C.A. §§ 30501 et seq. and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure concerning any alleged claims, damages, and/or losses arising from a June 14, 2018 incident, as more fully described in the Complaint (ECF No. 1);

WHEREAS, the Complaint states the facts and circumstances upon which Exoneration from or Limitation of Liability are claimed;

WHEREAS, the Complaint and Appraiser's Report establish that the value of the Plaintiff's interest in the Vessel and her pending freight did not exceed the sum of $200,000.00 after the incident;

WHEREAS, it appears that claims and/or suits may be filed against the Plaintiff and/or the Vessel for losses, damages, casualties, or injuries alleged to have been sustained during the voyage upon which the Vessel was then engaged; and

WHEREAS, the Plaintiff will deposit with the Court within thirty (30) days of this Order the amount of $250.00 as security for costs in accordance with Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

NOW, upon motion of HOLBROOK & MURPHY, as attorneys for Plaintiff, Victory Chimes:

IT IS HEREBY ORDERED that the security for costs in the amount of $250.00 deposited by the Plaintiff with the Clerk of the Court as provided by Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure is approved as sufficient security for costs; and

IT IS FURTHER ORDERED that any claimant in these proceedings may express, by written notice filed with the Court and served upon all parties of record, its dissatisfaction with the Appraiser's Report. In this event, the Plaintiff shall, within thirty (30) days of entry of an Order by the Court rejecting the appraised value in the Appraiser's Report, cause security to be posted in the form provided by Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and satisfactory to this Court, failing which the injunction entered concurrently herewith will be vacated as

to all claimants, and the Court will make such further Orders as justice may require; and

IT IS FURTHER ORDERED that a Notice shall be issued by the Clerk of the Court to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Plaintiff a copy thereof, within thirty (30) days after the issuance of the Notice, or be defaulted; and that if any claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such claimant shall file and serve on the attorneys for the Plaintiff HOLBROOK & MURPHY at 238-240 Lewis Wharf, Boston, Massachusetts 02110, an Answer to the Complaint on or before thirty (30) days after the issuance of the Notice, unless the claim has included an Answer to the Complaint, so designated, or be defaulted; and

IT IS FURTHER ORDERED that counsel for the Plaintiff shall cause to be published in the *Portland Press Herald* the above-referenced Notice once a week for four (4) weeks before the return date for the filing of claims set in said Notice, as provided in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and copies of the notice shall be mailed by Plaintiff in accordance with such rule to every person known to have made any claims against the Vessel, the Plaintiff or their attorneys arising from the June 14, 2018 incident, no later than the day of the second publication of the Notice in the *Portland Press Herald*; and

IT IS FURTHER ORDERED that the further prosecution of all actions, suits, and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any court of any jurisdiction, or otherwise, against the Plaintiff and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits, or proceedings except in this action, to recover damages for or in respect of the incident more fully described in the Complaint, be and they are hereby restrained, stayed, and enjoined until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions, or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited; and

IT IS FURTHER ORDERED that service of this Order as a Restraining Order be made through the United States Post Office or by Federal Express by mailing a true and correct copy hereof to the person or persons to be restrained, or to their respective attorneys.

**SO ORDERED.**          Dated:  December 23, 2020


　　　　　　　　　　　　　　　　　　　_____/s/ JON D. LEVY_____
　　　　　　　　　　　　　　　　　　　**CHIEF U.S. DISTRICT JUDGE**