## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In Re: VICTORY CHIMES, INC., | ) | |
| as former Owner of the | ) | |
| S/V VICTORY CHIMES | ) | |
| (O.N. 136784), Her Engines, | ) | 1:20-cv-00259-JDL |
| Machinery, Tackle, Apparel, | ) | |
| Appurtenances, etc., for | ) | |
| Exoneration From, or | ) | |
| Limitation of, Liability, | ) | |
| Civil and Maritime, | ) | |
|  | ) | |
| Plaintiff. | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO DEFAULT ALL NON-APPEARING CLAIMANTS AND DEFENDANT/ CLAIMANT'S MOTION TO STAY THIS ACTION AND LIFT THE INJUNCTION RESTRAINING OTHER ACTIONS

Following an incident in which Defendant/ Claimant Christopher Collins was allegedly injured aboard the *S/V Victory Chimes* (the "Vessel"), Plaintiff Victory Chimes, Inc. ("Victory Chimes"), the Vessel's former owner, filed a Complaint seeking exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C.A. §§ 30501-30512 (West 2021) (the "Limitation Act"), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (ECF No. 1).  Pursuant to Supplemental Rule F, the Court established a monition period, spanning from December 23, 2020 to January 22, 2021, during which Victory Chimes published notice that potential claimants were to file claims and answers or face the entry of default and default judgment (ECF No. 7). Additionally, the Court enjoined the commencement or prosecution of any actions against Victory Chimes other than in this action.  During the monition period, Collins

was the only claimant to file a claim and answer (ECF Nos. 11, 12). Collins raises claims for Jones Act Negligence, unseaworthiness, and maintenance and cure, which he seeks to try before a jury.

Now that the monition period has ended, Victory Chimes moves for an entry of default pursuant to Supplemental Rule F(5) against all parties who have not filed claims within the monition period (ECF No. 15). Collins does not oppose the motion for entry of default. However, Collins moves the Court to stay the present action and lift the injunction restraining other actions so that he may first proceed with a jury trial in the forum of his choosing under the "single claimant exception" (ECF No. 17). Victory Chimes assents to the relief sought by Collins in his motion. For the reasons set forth below, I grant both motions.

## I. DISCUSSION

### A.    Entry of Default as to Non-Appearing Claimants

The Limitation Act allows the owner of a vessel to bring a civil action in the United States District Court for limitation of liability. 46 U.S.C.A. § 30511. Limitation actions are governed by Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. "The Federal Rules of Civil Procedure also apply to [limitation] proceedings except to the extent that they are inconsistent with [the] Supplemental Rules." Fed. R. Civ. P., Supp. R. A(2).

Pursuant to Federal Rule of Civil Procedure 55(a), the clerk of court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Supplemental Rule F expands upon these requirements for entry of

2

default in a maritime limitation or exoneration action.  Upon the filing of a proper complaint for limitation of or exoneration from liability, a court will issue a notice of the plaintiff's complaint and admonish potential claimants to file claims with the clerk of court and the plaintiff's attorney by a date certain named in the notice.  *See* Supp. R. F (4).  The date must be at least thirty days after issuance of the notice.  *See id.*  The notice shall be published "in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims."  *Id.*  No later than the day of second publication, the plaintiff must also "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose."  *Id.*

Supplemental Rule F(5) specifies that claims and answers shall be filed on or before the date in the notice described above.  Claimants who fail to file timely claims face the entry of default and a subsequent default judgment.  *See In re Urbelis*, No. 15-cv-12358-ADB, 2018 WL 701350, at *2 (D. Mass. Feb. 2, 2018) (describing entry of a default judgment against a claimant who filed a claim after the period specified in the Rule F(4) notice; *In re Jana E. II, Inc.¸* No. 2:13CV308, 2014 WL 991891, at *1-3 (S.D. Tex. Feb. 6, 2014), *adopted by* 2014 WL 991891 (S.D. Tex. Mar. 13, 2014) (concluding that a default judgment was proper against unknown parties that failed to file responsive pleadings before the deadline in the court's Rule F(4) order).

In the present action, Victory Chimes filed a Complaint on July 23, 2020, for exoneration from or limitation of liability for claims arising from a June 14, 2018 incident in which Collins was allegedly injured aboard the Vessel.  That same day,

Victory Chimes filed a motion for an order restraining suits, approving its appraiser's report as to the value of the vessel, and directing the issue of notice and the filing of claims. On December 23, 2020, the Court granted that motion. The Court's order specified that the Clerk of Court would issue notice of the Complaint with instructions to file claims with the Court and serve them on the Plaintiff's attorneys within thirty days of issuance of notice or be defaulted. The order further instructed counsel for Victory Chimes to publish the notice once a week for four weeks in the *Portland Press Herald* and to notify any person known to have made any claims against the Vessel, Victory Chimes, or their attorneys arising from the June 14, 2018 incident no later than the second day of notice publication.

The Clerk of Court issued notice of the Complaint on December 23, 2020 and instructed claimants to file claims and answers by January 22, 2021 or be defaulted. Collins filed an answer and claim in this case on January 21, 2021. The Court did not receive any other claims or answers before the January 22, 2021 deadline. On February 11, 2021, Victory Chimes moved for entry of default against all parties that failed to timely file claims. Victory Chimes attached a declaration from its counsel which states that prior to January 1, 2021, he notified Collins's counsel that Victory Chimes had filed the complaint for exoneration from or limitation of liability in this Court. The declaration also states that the Notice of Complaint was published in the *Portland Press Herald* on December 26, 2020; January 1, 2021; January 8, 2021; and January 15, 2021. Victory Chimes also attached a Certification of Publication from the *Portland Press Herald*, along with copies of the Notice of Complaint as published in the *Portland Press Herald*.

An entry of default is proper in this case against all potential claimants, known and unknown, who failed to file a claim and answer before January 22, 2021. The record reflects that all of the requirements under Rule 55 of the Federal Rules of Civil Procedure and Supplemental Rule F are satisfied.

First, the Court's order directed the Clerk of Court to publish notice and admonished claimants to file a claim and answer or face default.  The Clerk of Court published such notice on December 23, 2020, and provided that claims and answers must be filed on or before January 22, 2021.  This meets the thirty-day requirement of Supplemental Rule F.

Second, Victory Chimes met its notice obligations under Supplemental Rule F(4).  As the declaration of counsel shows, Victory Chimes (1) published the Clerk of Court's notice in the *Portland Press Herald* four times weekly during the notice period, and (2) delivered notice to Collins's counsel on January 1, 2021.

Third, no claimants other than Collins filed a complaint during the necessary time period.  Therefore, all other potential claimants in this action have failed to plead within the meaning of Federal Rule of Civil Procedure 55(a) and are subject to an entry of default.

## B.   Lifting the Injunction Under the "Single Claimant" Exception

The Limitation Act allows vessel owners to seek to limit their liability before a federal court sitting in admiralty jurisdiction, and, thus, without a jury.  *See Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 208 (4th Cir. 2006).  Meanwhile, the Judiciary Act of 1789—which codified and made exclusive the United States Constitution's grant of original federal jurisdiction over all cases of admiralty and maritime

jurisdiction, *see* U.S. Const. Art. III, § 2—includes a "savings to suitors" clause, which saves to litigants "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333(1).

The Limitation Act and the savings to suitors clause may conflict because "[o]ne statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limited liability in federal court." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). Accordingly, "[t]he Supreme Court has recognized [an] exception[] to vessel owners' general right to consolidate claims in a limitation action in federal court, carved out of the Limitation Act by the savings to suitors clause." *In re Pac. Mar. Freight, Inc.*, 316 F. Supp. 3d 1214, 1218 (S.D. Cal. 2018) (citing *Lewis*, 531 U.S. at 439). "Claims may proceed outside a limitation action where . . . there is only a single claimant in the action." *Id.* Pursuant to this "single claimant" exception:

> [D]issolution of an injunction is proper where there is only one possible claimant and the claimant: (1) stipulates to the district court's exclusive jurisdiction to determine limitation of liability issues; (2) waives any *res judicata* effect of any other court's decisions with respect to limitation issues; and (3) in the event the district court finds the owner entitled to limit liability, agrees not to enforce against the owner any judgment rendered outside the limitation proceeding for damages exceeding the value of the vessel and its pending freight or corresponding limitation fund.

*Id.* at 1220 (citing *Lewis*, 521 U.S. at 452). Where the "single claimant" exception applies and the claimant makes these requisite stipulations, failure by the district court to dissolve a previously granted injunction against all other actions constitutes abuse of discretion. *Langnes v. Green*, 282 U.S. 531, 541-42 (1931).

Here, because I have already determined that default must be granted against all non-appearing claimants, Collins is undoubtedly the sole claimant in this action. Moreover, Collins has stipulated that: (1) Victory Chimes has the right to litigate the Limitation Act issues in this Court, and that this Court has exclusive jurisdiction to determine limitation of liability issues; (2) this Court has exclusive jurisdiction to determine the value of the limitation fund; (3) Collins will not seek a determination of any issues regarding limitation of liability or the limitation fund outside the limitation proceedings, and consents to waive any *res judicata* or issue preclusion effect the decisions, rulings, or judgments of any other court might have on those issues; and (4) in the event Collins obtains a judgment against Victory Chimes in excess of the limitation fund, Collins will not seek enforcement or collection of that judgment unless and until Victory Chimes' right to limitation of liability is determined by this Court.  Counsel for Victory Chimes assents to the sufficiency of these stipulations, and to the stay of the limitation action and lifting of the injunction restraining all other actions.  Accordingly, Collins's motion must be granted.

## II. CONCLUSION

For the foregoing reasons, Victory Chimes' Motion for Entry of Default Pursuant to Rule F(5) (ECF No. 15) is **GRANTED.**  The Clerk of Court is directed to enter default against any and all known and unknown persons or entities who failed to state a claim and answer in this action by January 22, 2021, pursuant to Federal Rule of Civil Procedure 55(a).

Additionally, Collins's Motion to Stay This Action and Lift Injunction Restraining Other Actions (ECF No. 17) is **GRANTED.**  The previously granted

injunction enjoining all other actions (ECF No. 7) is lifted, and the limitation action is stayed pending Collins's pursuit of his civil action in the forum of his choosing.

**SO ORDERED.**

Dated:  April 30, 2021

_____/s/ Jon D. Levy_____
**CHIEF U.S. DISTRICT JUDGE**